Octavio Cardona-Loya II (SBN 255309)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030 Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABITHA COPLEY, an individual, | Case No.: **'16 CV 0827 GPC JLB** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| TRANS UNION LLC, a limited liability company; and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I.  INTRODUCTION

1.    This is an action for damages brought by an individual consumer against Defendants for damages pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

## II. PARTIES & VENUE

2.    Plaintiff TABITHA COPLEY is a natural person residing in Escondido, CA.

3.      Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability corporation doing business in San Diego County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

4.      The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.   Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.   Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

5.      Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

## III. FACTUAL ALLEGATIONS

6.      At a time unknown, New Millennium Concepts ("NMC") acquired information regarding an alleged debt (the "Account") that Plaintiff allegedly incurred.   Plaintiff disputes owing NMC any money and further disputes that the Account is hers.

7.      TRANS UNION is erroneously reporting the Account on Plaintiff's credit file.

8.      NMC is reporting the alleged Account to Plaintiff's TRANS UNION credit file

of an amount past due of $1,697.

9.    The information NMC is reporting to TRANS UNION is false as Plaintiff never had an account with NMC and never authorized anyone to open an account with NMC and never had an account with its purported predecessor in interest.

10.    Plaintiff disputed the false information with TRANS UNION in writing as she does not owe on the Account and TRANS UNION contacted the furnisher.

11.    TRANS UNION failed to conduct reasonable investigations into the dispute alleged by Plaintiff and continued to report the inaccurate Account on her credit file.

12.    TRANS UNION negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

13.    TRANS UNION further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

14.    As a result of Defendant's conduct, Plaintiff's credit worthiness has been damaged.

15.    Plaintiff further suffered from frustration and emotional distress.

## IV.  FIRST CLAIM FOR RELIEF
### (Against All Defendants for Violations of the FCRA)

16.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

17.    TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

18.    TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnisher; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

19.     The Defendant's unlawful conduct damaged Plaintiff as referenced above.

20.     The Defendant's unlawful conduct was willful.

21.     Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

22.     Plaintiff is further entitled to recover costs and attorneys' fees from TRANS UNION pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V.     SECOND CLAIM FOR RELIEF
### (Against All Defendants for Violation of the CCRAA)

23.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24.     Defendants violated the CCRAA, by including but not limited to, the following:

(a)     Defendants violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff; and

(b)     Defendants violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate, or delete the item from the file.

25.     Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26.     As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

27.     Defendants' violations were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

////
////
////
////

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, and each of them, for the following:

      (a)  Actual damages;

      (b)  Punitive damages;

      (c)  Statutory damages;

      (d)  Costs and reasonable attorney's fees; and

      (e)   For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: April 7, 2016             /s/Octavio Cardona-Loya II      .
                                 Octavio Cardona-Loya II,
                                 Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: April 7, 2016             /s/Octavio Cardona-Loya II      .
                                 Octavio Cardona-Loya II,
                                 Attorney for Plaintiff